## 2879. SOUTHERN BELL TELEPHONE & TELEGRAPH CO. v. ODOM.

The evidence does not authorize the verdict.

DECIDED APRIL 24, 1911.

Action for damages; from city court of Albany—Judge Crosland. June 30, 1910.

*H. E. W. Palmer, Brutus J. Clay, Mann & Milner,* for plaintiff in error.

&middot; *Jesse W. Walters & Sons, R. J. Bacon,* contra.

POWELL, J. The plaintiff, a hack driver, sued the telephone company for personal injuries, alleging, in substance, that the telephone company maintained a guy-wire stretching from a line of poles on the east side of Washington street, in Albany, Ga., to a scrub oak on the west of the street; that while he was traveling upon this highway he found the center of the street barricaded, by reason of the fact that the city was engaged in macadamizing the street; and that, while passing along the western edge of the street, the top of his hack ran into this guy-wire, frightening the horse and causing it to run away, thereby throwing him out of the hack and injuring him. This all occurred about noon; but the plaintiff alleged that he was getting old, that his vision was dim, the day was a little cloudy, and he did not see the wire. At the trial it appeared that when the plaintiff was hurt he was not in the street at all, but had left the street and was out upon private property, was some 10 to 14 feet away from the western margin of the sidewalk. The tree to which the guy-wire was tied stood about 14 feet from the western edge of the sidewalk, and the guy-wire was tied at a point about 4 or 5 feet high, on the side of this tree, and slanted upward to the top of the telephone pole, which was between 45 and 50 feet high. It passed between the wires of a telegraph company, which were located on the margin of the sidewalk on the western side of the street, at a point 18 feet above the ground, and which at a point taken in the center of the western sidewalk were 11 feet above the ground. The evidence, taken most favorably to the plaintiff, authorizes the inference that some people in vehicles had been passing along where the plaintiff passed, in order to avoid this obstruction, but that the regular way used by most of those who attempted to go around was by a roadway which

passed to the west of the tree to which the guy-wire was attached. It was not shown that the telephone company had any notice that the street was obstructed, or that the public generally were accustomed to pass with vehicles under the tree to which the guy-wire was attached.

The jury returned a small verdict in the plaintiff's favor. Many exceptions appear in the record, but we deem it sufficient to say that, construing the evidence most favorably in behalf of the plaintiff, the verdict in his favor is unauthorized. A telephone company, just as other companies occupying public streets with wires, should erect them with due regard to the safety of such members of the public as are naturally to be expected to pass along the street, and to this end must use ordinary care and diligence; the actual quantum of diligence varying somewhat in accordance with whether the current carried is one of high and destructive power, or one of a low or an ordinarily innocuous kind. These companies must, of course, so construct their lines of poles and wires that persons proceeding along the highway according to the usual means of locomotion will not be liable to come in contact with them.

Generally speaking, it may be said that, as to wires not located upon the highway, the company owes to the members of the public no such duty, though this statement is not absolutely and unconditionally true. For instance, suppose that an electric light company should string a wire carrying a high and dangerous current just beyond the outer margin of the sidewalk, so that a traveler, passing along the sidewalk and guilty of the slightest incaution and divergence beyond the very margin of the way, would likely come in contact with it; no court would hestitate to hold the company liable for its negligence in thus stringing the dangerous wire. It may be that a company not employing a dangerous current might be held liable for stringing a wire near the sidewalk, and stringing it so low that one passing along the sidewalk and inadvertently getting under it would likely run into it and injure himself; but the particular duty in this class of cases exists in behalf of those who are trying to use the street or sidewalk, and not in behalf of those who have voluntarily left it and are trespassing upon adjacent private property.

It is needful to the successful building and maintenance of

telephone and telegraph lines that at certain places the poles should be guyed, and where, with the consent of the property owners, the guy-wires are carried off onto adjacent property, and there tied to some object which will act as an anchor, and a person, without any invitation from either the property owner or the telephone company, comes upon that property as a trespasser, and runs into the wire, and is hurt, we see no rational basis, in law or in common justice, for holding the telephone company liable for the injury. If there were any reason why the telephone company should anticipate the presence of travelers at the particular place, it might be different; but in the present instance the telephone company was pursuing the normal course, and the plaintiff was the one who went out of the usual way. It was, under the circumstances, his duty to look out for wires and obstructions, and not the telephone company's duty to look out for his hack top. If he had stayed upon the street, where he was expected to be, he would never have been injured.

There is another, a technical, reason why in this case the recovery can not be sustained, and that is that the plaintiff, in response to special demurrer, made a specific allegation by which he placed himself, at the time of the injury, upon the public street, and made the obstruction to the public street, occasioned by the erection of the guy-wire, the negligence upon which he based his right to recover; and the evidence clearly and indisputably shows that he was not hurt while in the street, and that the guy-wire was not an obstruction to the public street. Consequently, if he had in any abstract way a cause of action, it was not adequately asserted in the petition, and there was a fatal variance between allegation and proof.          *Judgment reversed.*